### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### JACKSON COUNTY, ILLINOIS

| | |
|---|---|
| MICHELLE REED, ) | |
| ) | |
|    Plaintiff, ) | No.: 3:21-cv-1199 |
| ) | |
| vs. ) | |
| ) | Jackson County No.:  2021L44 |
| SCHNUCK MARKETS, INC., an ) | |
| Illinois corporation and CARBONDALE ) | |
| CENTER ILLINOIS, LLC, an ) | |
| Illinois company ) | |
| ) | |
|    Defendants. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Schnuck Markets, Inc., by and through its undersigned attorneys, Beth Kamp Veath and Brown & James, P.C., and hereby files its Notice of Removal of the above entitled action to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1446, 1441, and 1332. The basis for Removal is as follows:

### Diversity of Citizenship

1. That this Court has original jurisdiction of the action under 28 U.S.C. §1332, and Defendant bases its removal on this jurisdiction as further laid out below.

2. This action is removable under 28 U.S.C. §1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. §1332(a).

1

3. In accord with 28 U.S.C. § 1446, Defendant attaches all process, pleadings and orders served upon Defendant as **Exhibit A**.

4. Concurrent with the filing of this Notice of Removal, Defendant served a copy of this Notice to Plaintiff and filed a copy with the Circuit Court for the First Judicial Circuit, Jackson County, Illinois, along with written notice of the filing, in accordance with 28 U.S.C. § 1446(d).

5. The above-entitled action, now pending in the Circuit Court for the First Judicial Circuit, Jackson County, Illinois, is a civil action at law brought by the above-named Plaintiff, Michelle Reed, against Schnuck Markets, Inc.

6. This Notice of Removal is filed within the time provided for filing after receiving notice that the case is removable, and within one year after commencement of Plaintiff's action, thus this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

7. The controversy in said action is wholly between citizens of different states.

8. Plaintiff, Michelle Reed, is a citizen of the State of Illinois, residing in Jackson County, Illinois. See Complaint, attached within **Exhibit A**.

9. Schnuck Markets, Inc. was, at the time of the commencement of this action and continues to be, a corporation organized under the laws of the state of Missouri, having its chief and principal place of business at 11420 Lackland Road, St. Louis, Missouri. Schnuck Markets, Inc. is therefore a citizen of the State of Missouri and is not a citizen of Illinois. Carbondale Center Illinois, LLC is incorporated in Delaware and is a citizen of Delaware.

10. Therefore, Plaintiff, as a citizen of Illinois, is diverse from all defendants, none of which are citizens of Illinois, and there is complete diversity. See 28 U.S.C. §1332(a)(1); Howell v. Tribune Entertainment Co., 106 F.3d 215,217 (7th Cir. 1997).

## Amount in Controversy

11. Federal courts normally determine the amount in controversy by reference to the amount alleged in the complaint's ad damnum clause. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). The difficulty for defendants in Illinois, however, is that 735 ILCS 5/2-604 forbids the pleading of ad damnum clauses "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed…." Thus, Plaintiff's Complaint here follows Illinois rules and only alleges damages in excess of $50,000.00. See Complaint, attached within **Exhibit A**.

12. In the absence of an ad damnum clause, a defendant has the responsibility to "ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." Rising-Moore, 435 F.3d at 815. A removing party does not have to show that the plaintiff will prevail or collect more than $75,000.00 if he were to prevail. Id. at 816. The removing party need only show that what the plaintiff hopes to get out of litigation exceeds the jurisdictional amount. Id.

13. In this case, a reasonable and commonsense reading of the Complaint shows that Plaintiff is seeking more than $75,000. This Complaint alleges "Plaintiff suffered severe and permanent injuries to her body . . . [and] plaintiff has experienced and shall continue to experience pain and suffering, has incurred medical bills to obtain treatment for her injuries, medical bills and treatment may continue into the future, has been deprived of income as a result of her injuries with said losses like to continue into

the future and has been disfigured as a result of her injuries." <u>See</u> Complaint, attached within **Exhibit A**.

14.  Defendant also bases its contention that the amount Plaintiff seeks is in excess of the statutory amount given the responses to Defendant's Request to Admit. <u>See</u> **Exhibit B.**

15.  The amount in controversy, exclusive of interests and costs, exceeds the requisite jurisdictional amount for jurisdiction based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a).

16.  The requirements to establish jurisdiction based upon diversity of citizenship, in accordance with 28 U.S.C. § 1332, have been met.

17.  Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 <u>and</u> this matter may be removed to this Court in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1446.   WHEREFORE, having established complete diversity of citizenship and the amount in controversy, Defendant, Schnuck Markets, Inc., respectfully prays this Honorable Court accept jurisdiction of this action, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF 12**

Respectfully submitted,

**/s/Beth Kamp Veath**
Beth Kamp Veath #6186523
BROWN & JAMES, P.C.
Counsel for Defendant
Schnuck Markets, Inc.
Richland Plaza 1
525 West Main, Suite 200
Belleville, Illinois  62220-1547
(618) 235-5590
(618) 235-5591 (Fax)
bveath@bjpc.com


/s/*Ryan C. Turnage*
Ryan C. Turnage, #281108
Schnuck Markets, Inc.
11420 Lackland Road
St. Louis, MO  63146
(314) 994-4333 – Telephone
(314) 994-4412 – Facsimile
RCTurnage@Schnucks.com
Co-counsel for Defendant
Schnuck Markets, Inc.


## CERTIFICATE OF SERVICE

I, the undersigned, on the 30th day of September, 2021, electronically filed this document with the United States District Court, Southern District of Illinois; and emailed a copy of this document to the following counsel of record for:

Mr. Nick Brown
Lawler Brown Law Firm
1600 W. Main Street
P.O. Box 1148
Marion, Illinois  62959
618-993-2222
618-731-4141(Fax)
nbrown@lblf.com

   A copy of this document is available for viewing and downloading from the ECF system.

   Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

               /s/Beth Kamp Veath

BKV:mks
#26542691.1