FILED
6/30/2021 10:22 AM
Cindy R. Svanda
Circuit Clerk
Jackson County, Il
CLK

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
JACKSON COUNTY, ILLINOIS**

| | | |
|---|---|---|
| MICHELLE REED | ) | |
| | ) | |
| Plaintiff, | ) | 2021L44 |
| vs. | ) | Case No: 2021-L-___ |
| | ) | |
| SCHNUCK MARKETS, INC., an Illinois corporation and CARBONDALE CENTER ILLINOIS, LLC, an Illinois company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Michelle Reed, by and through her attorney, Nick Brown of Lawler Brown Law Firm for her Complaint against the Defendants, Schnuck Markets, Inc., an Illinois Corporation and Carbondale Center Illinois, LLC, an Illinois company, hereby state as follows:

### COUNT I
### (Michelle Reed v. Schnuck Markets, Inc., an Illinois corporation)

1. Plaintiff, Michelle Reed is, and was at all times relevant hereto, a resident of Jackson County, Illinois.

2. Defendant, Schnuck Markets, Inc. is an Illinois Corporation which became authorized to do business in Illinois on June 11, 1984.

3. On or about September 20, 2019, Defendant, Schnuck Markets, Inc., an Illinois Corporation individually and through its agents, servants, and employees was engaged in the business of operating a Schnucks grocery store that sold items to the general public at 915 West Main Street, Carbondale, IL, Jackson County, Illinois and invited members of the public, including, but not limited to Plaintiff, Michelle Reed.

Exhibit A

4.  On September 20, 2019, Plaintiff, Michelle Reed was on the Schnucks premises as a customer and patron of Defendant, Schnuck Markets, Inc., an Illinois Corporation.

5.  At the time and place alleged above, Defendant, Schnuck Markets, Inc., an Illinois Corporation had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the subject premises.

6.  On September 20, 2019, Defendant, Schnuck Markets, Inc., an Illinois Corporation in violation of such duties, committed one or more of the following negligent acts or omissions:

   a) Allowed a dangerous condition to exist when it knew or should have known that same could cause bodily injury to a person, namely having a slick floor;

   b) Permitted an unsafe condition, being the slick floor, to exist on the premises;

   c) Allowed a dangerous condition to exist when it knew or should have known that same could cause bodily injury to a person, namely slick floor;

   d) Failed to warn the Plaintiff and others walking on the premises of the dangerous condition, including the slick floor;

   e) Failed to properly inspect and maintain the area in question to discover the dangerous condition, including the slick floor;

   f) Failed to timely and properly maintain the floor so as to provide a safe walking surface for its customers;

   g) Maintained distractions that foreseeably diverted Plaintiff's attention from the dangerous condition;

   h) Failed to properly notify Plaintiff or others of the floor area where Plaintiff's injuries occurred;

i) Failed to provide any type of warning for its customers concerning the unsafe condition of the slick floor when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of its customers, including the Plaintiff;

j) Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment; and

k) Failed to properly train its employees to look for hazardous conditions, including the slick floor.

7. Due to the hazardous conditions of the subject location, namely the slick floor, Plaintiff, Michelle Reed slipped on the slick floor as she was entering the building, causing her to fall to the ground.

8. As a proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, Schnuck Markets, Inc., an Illinois Corporation, Plaintiff, Michelle Reed sustained the following injuries:

a) Incurred extensive injuries to her neck, back, and body as a whole;

b) Suffered and will continue to suffer severe pain and anguish in body and mind;

c) Has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

d) Will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries;

e) Has been, by reason of said injuries, hindered and prevented from attending her usual affairs and duties; and

WHEREFORE, the Plaintiff, Michelle Reed, prays for judgment against the Defendant, Schnuck Markets, Inc., an Illinois Corporation, in an amount more than fifty thousand dollars ($50,000.00) and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE (12).**

LAWLER BROWN LAW FIRM

By: Nick Brown

### COUNT II
### (Michelle Reed v. Carbondale Center Illinois, LLC, an Illinois company)

1. Plaintiff, Michelle Reed is, and was at all times relevant hereto, a resident of Jackson County, Illinois.

2. Defendant, Carbondale Center Illinois, LLC is an Illinois Limited Liability Company which became authorized to do business in Illinois on June 29, 2018.

3. One or about September 20, 2019, Defendant, Carbondale Center Illinois, LLC, an Illinois company individually, and through its agents, servants, and employees were engaged in the business of owning real estate at 915 West Main Street, Carbondale, IL, Jackson County, Illinois where a Schnucks grocery store sold items to and invited members of the general public, including, but not limited to, Michelle Reed.

4. On September 20, 2019, Michelle Reed was legally on the premises at 915 West Main Street, Carbondale, IL, Jackson County, Illinois.

5. At the time and place alleged above, Defendant, Carbondale Center Illinois, LLC, an Illinois company had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the subject premises.

6. On September 20, 2019, Defendant, Carbondale Center Illinois, LLC, an Illinois company in violation of such duties, committed one or more of the following negligent acts or omissions:

   a) Allowed a dangerous condition to exist when it knew or should have known that same could cause bodily injury to a person, namely having a slick floor;

   b) Permitted an unsafe condition, being the slick floor, to exist on the premises;

   c) Allowed a dangerous condition to exist when it knew or should have known that same could cause bodily injury to a person, namely a slick floor;

   d) Failed to warn the Plaintiff and others walking on the premises of the dangerous condition, including the slick floor;

   e) Failed to properly inspect and maintain the area in question to discover the dangerous condition, including the slick floor;

   f) Failed to timely and properly maintain the floor so as to provide a safe walking surface for its customers;

   g) Maintained distractions that foreseeably diverted Plaintiff's attention from the dangerous condition;

   h) Failed to properly notify Plaintiff or others of the floor area where Plaintiff's injuries occurred;

   i) Failed to provide any type of warning for its customers concerning the unsafe condition of the slick floor when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of its customers, including the Plaintiff;

j) Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment;

k) Failed to properly train its employees to look for hazardous conditions, including the slick floor.

7. Due to the hazardous conditions of the subject location, namely the slick floor, Plaintiff, Michelle Reed slipped on the slick floor as she was entering the building, causing her to fall to the ground.

8. As a proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, Carbondale Center Illinois, LLC, an Illinois company, Plaintiff, Michelle Reed sustained the following injuries:

a) Incurred extensive injuries to her neck, back, and body as a whole;

b) Suffered and will continue to suffer severe pain and anguish in body and mind;

c) Has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

d) Will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries;

e) Has been, by reason of said injuries, hindered and prevented from attending her usual affairs and duties; and

WHEREFORE, the Plaintiff, Michelle Reed, prays for judgment against the Defendant, Carbondale Center Illinois, LLC, an Illinois company in an amount more than fifty thousand dollars ($50,000.00) and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE (12).**

                    LAWLER BROWN LAW FIRM

_____

By: Nick Brown

LAWLER BROWN LAW FIRM
    Adam B. Lawler #6283341
    David W. Lawler #6303793
    Nick Brown #6302494
    Andrew T. Flynn # 6305936
    Zachary S. Walston #6331559
    Evan W. Taylor #6305093
1600 W. Main St/P.O. Box 1148
Marion, Illinois 62959
Telephone: (618) 993-2222
Facsimile: (618) 731-4141
Email: service@lblf.com